**Ozempic / IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| DANIEL THOMPSON,<br>            Plaintiff,<br><br>v.<br><br>NOVO NORDISK A/S and NOVO NORDISK INC., and ELI LILLY and COMPANY, and LILLY USA, LLC,<br>            Defendants. | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: _____ |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff named below, by and through the undersigned counsel, files this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff adopts and incorporates by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

## IDENTIFICATION OF PARTIES

**Plaintiff**

1.    Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Daniel D. Thompson                                                                                    .

2.    If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: _____,

as _____ of the estate of _____, deceased.

3.    If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): _____.

4.    If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: _____.

**Defendants**

5.    Plaintiff/Decedent's Representative is/are suing the following Defendant (check all that apply):

        X____ Novo Nordisk Inc.

        X____ Novo Nordisk A/S

        X____ Eli Lilly and Company

        X____ Lilly USA, LLC

        _____ other(s) (identify): _____

## JURISDICTION AND VENUE

6.      City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Seattle, Washington

7.      State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Washington

8.      State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Washington

9.      City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Seattle, Washington

10.     Jurisdiction is based on:

X____   diversity of citizenship pursuant to 28 U.S.C. § 1332

_____   other (plead in sufficient detail as required by applicable rules):

_____

_____

11.     The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

United States District Court for the Western District of Washington

12.     Venue is proper in the District Court identified in Paragraph 11 because:

X____   a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

13.    If applicable, identify the citizenship of any additional Defendant(s) named above:

_____

**PRODUCT USE**

14.     Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

    X     Ozempic (semaglutide)

          Wegovy (semaglutide)

          Rybelsus (oral semaglutide)

          Victoza (liraglutide)

          Saxenda (liraglutide)

    X     Trulicity (dulaglutide)

          Mounjaro (tirzepatide)

          Zepbound (tirzepatide)

          Other(s) (specify): _____

15.     To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

    Ozempic: December 2021- January 2024

    Trulicity: July 2023-December 2023

**INJURIES AND DAMAGES**

16.    To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

X____    Gastroparesis

_____    Other gastro-intestinal injuries (specify) _____

_____    Ileus

_____    Ischemic Bowel/Ischemic Colitis

_____    Intestinal Obstruction

_____    Necrotizing Pancreatitis

_____    Gallbladder Injury (specify) <u>Cholecystectomy, Cholelithiasis</u>

_____    Micronutrient Deficiency

_____    Wernicke's encephalopathy

_____    Aspiration

_____    Death

_____    Additional/Other(s) (specify): _____

17.    Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

<u>February 2023</u>

_____

_____

_____

6

18.      In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product, Plaintiff suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

          X____  Injury to self

          _____  Injury to person represented

          _____  Economic loss

          _____  Wrongful death

          _____  Survivorship

          _____  Loss of services

          _____  Loss of consortium

          _____  other(s) (specify): _____

## **CAUSES OF ACTION**

19.    In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

   _X___     Count I:     Failure to Warn – Negligence

   _X___     Count II:    Failure to Warn – Strict Liability

   _X___     Count III:   Breach of Express Warranty/Failure to Conform to Representations

   _X___     Count IV:   Breach of Implied Warranty

   _X___     Count V:    Fraudulent Concealment/Fraud by Omission

   _X___     Count VI:   Fraudulent/Intentional Misrepresentation

   _X___     Count VII:  Negligent Misrepresentation/Marketing

   X____     Count VIII: Strict Product Liability Misrepresentation/Marketing

   _____     Count IX:   Innocent Misrepresentation/Marketing

   X____     Count X:    Unfair Trade Practices/Consumer Protection (see below)

   _____     Count XI:   Negligence

   _____     Count XII:  Negligent Undertaking

   X____     Count XIII: State Product Liability Act (see below)

   _____     Count XIV: Wrongful Death

   _____     Count XV:  Loss of Consortium

   _____     Count XVI: Survival Action

   _____     Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

_____

_____

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

    a.    Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

        Washington Consumer Protection Act, RCW 19.86.010, et seq., including, but, not limited to, RCW 19.86.093

    b.    Identify the factual allegations supporting those claims (by subsection, if applicable):

        Defendants misled consumers regarding the safety and risks associated with use of their GLP-1RA Products, by overstating benefits and understating risks from using the products. For more particular facts, see Counts I through X and XIII of the Amended Master Complaint, paragraphs 29-110 and 153-603.

_____

*** Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.**

21.    If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

    a.    Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

RCW 7.72.010, et seq., including but not limited to RCW 7.72.030(1) - (3), 7.72.040(1) - (2).

    b.    Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

See counts I through X and XIII of the Amended Master Complaint, including Failure to Warn- Negligence Failure to Warn- Strict Liability; Breach of Express Warranty/ Failure to Conform to Representations; Breach of Implied Warranty;  Fraudulent Concealment/ Fraud of Omission; Fraudulent/ Intentional Misrepresentation/ Marketing; Innocent Misrepresentation/ Marketing; and provisions of Revised code  of Washington as set forth above.

    c.    Identify the factual allegations supporting those claims:

Defendants as both a seller and manufacturer of the GLP-1 Products produced a defective product that was inherently unsafe and known to be unsafe to the ordinary consumer, and which Defendants knew could have been designed to be safer, and that would cause injury as produced and sold. Defendants also failed to provide adequate warnings or information with regard to their product and misled consumers regarding the safety and risks associated with use of their GLP-1 Products, by overstating benefits  and understanding risks from using their products. For more particular facts, see Counts I through XIII of the Amended Master Complaint, paragraphs 29-110 and 153-603.

***\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.***

22.     If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? <u>N/A     </u>.  If so, attach such notice.

## **RELIEF**

Plaintiff prays for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiffs may be entitled.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all claims triable by jury in this action.

Date: <u>02/10/2026          </u>

By:

<u>*/s/ Thomas Roe Frazer III*      </u>
Thomas Roe Frazer III
(#33296)
FRAZER PLC
30 Burton Hills Blvd, Ste 450
Nashville, TN 37215
(615) 647-6464 (Telephone)
(615) 307-4902 (Fax)
trey@frazer.law
*Attorney for Plaintiff*